**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4880**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SHERRI LYNN HUNTER,

            Defendant - Appellant.

———————————

**No. 07-4959**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DAVID SCOTT LEE,

            Defendant - Appellant.

———————————

Appeals from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (0:07-cr-00043-CMC-7; 0:07-cr-00043-CMC-4)

———————————

Submitted:  July 30, 2008          Decided:  August 25, 2008

———————————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

———————————

No. 07-4880 affirmed; No. 07-4959 dismissed by unpublished per curiam opinion.

———————————

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina; Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellants.  Kevin F. McDonald, Acting United States Attorney, Jimmie Ewing, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Sherri Lynn Hunter and David Scott Lee appeal the sentences imposed by the district court after they pleaded guilty to conspiracy to possess with intent to distribute and to distribute methamphetamine or a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). We affirm Hunter's sentence and dismiss Lee's appeal.

Hunter pled guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. At sentencing, the district court concluded that Hunter qualified for application of the safety valve that allowed for a sentence below the statutory minimum of 120 months. See U.S. Sentencing Guidelines Manual (USSG) §§ 2D1.1(b)(9), 5C1.2 (2006). The district court denied Hunter's motion for a downward variance to a sentence of thirty months, and sentenced Hunter to eighty-seven months of imprisonment. On appeal, Hunter argues that the district court abused its discretion in denying her request for a downward variance.

We review a sentence imposed by the district court for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). We presume that a sentence imposed within the properly

- 3 -

calculated Guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). In considering the district court's application of the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). Hunter argues that the district court denied her request for a variance based on a misunderstanding of the requirements for application of the safety valve. Our review of the record leads us to conclude that this assertion is without merit. The district court did not misunderstand the application of the safety valve, but merely noted that Hunter's early cooperation with authorities assured her eligibility for its application. We find that the district court sufficiently articulated its reasons for denying Hunter's request for a variance, and did not abuse its discretion in reaching this decision.

Lee pleaded guilty, also pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Lee's plea agreement included a waiver of his right to appeal his conviction or sentence. On appeal, Lee asserts that the district court erred in sentencing him to 120 months of imprisonment based on a drug

quantity of at least fifty grams of methamphetamine when the presentence report (PSR) found him responsible for only 34.6 grams. He also argues that the court erred in failing to apply the safety valve provision to further reduce his sentence. Lee argues that he did not waive his right to appeal the sentence in his case because at the time he agreed to the waiver he could not have anticipated that the district court would sentence him based on fifty grams of methamphetamine when the presentence report found him responsible for only 34.6 grams of methamphetamine. The Government argues that Lee's appeal is covered by the waiver.

We review the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68.

Lee does not assert that his waiver was not voluntary, or that the Rule 11 discussion regarding the waiver was in any manner inadequate. Nor does he assert that he is not guilty of

involvement in a conspiracy to distribute fifty or more grams of methamphetamine. Rather, he asserts that the district court's sentence was excessive in light of the amount of methamphetamine attributed to him in the PSR and was not within the scope of the waiver. We conclude that this argument is without merit. The language of the waiver provision is very broad and excepts only claims of ineffective assistance of counsel or prosecutorial misconduct. The issues asserted on appeal are within the scope of the waiver, which Lee voluntarily entered.

Accordingly, in case 07-4880, we affirm Hunter's sentence. In case 07-4959, we dismiss Lee's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 07-4880 <u>AFFIRMED</u>
No. 07-4959 <u>DISMISSED</u>